**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KEISHA L. ROLLE-McNEAL,**

    **Plaintiff,**

**v.**                                             **Case No. 6:05-cv-25-Orl-28DAB**

**STATION OPERATORS, INC.,**

    **Defendant.**

_____/

**JOINT REQUEST FOR
COURT APPROVAL OF SETTLEMENT AGREEMENT**

    **COME NOW** Defendant, Station Operators, Inc. and Plaintiff Keisha L. Rolle-McNeal, by and through their undersigned counsel, and hereby show unto this Court that all matters in controversy have been compromised and settled to the satisfaction of the parties herein, subject to the Court's approval of the Settlement Agreement and General Release between the parties, and hereby request this Court's approval of the settlement and to dismiss plaintiff's Complaint with prejudice

**I.
PRELIMINARY STATEMENT**

    1.    This case involved a claim by plaintiff, a former employee of defendant, alleging claims under the Fair Labor Standards Act ("FLSA"), and contending that she was entitled to, but was not paid, overtime compensation for her hours worked with defendant.

2. Plaintiff requested an award of unpaid wages, liquidated damages and attorneys' fees and costs.

3. The defendant has appeared and answered and has denied the material allegations of plaintiff's Complaint.

4. The parties have reached an agreement to resolve this matter and have executed this Request for Court Approval and a Settlement Agreement and General Release.

5. Pursuant to the FLSA and case law interpreting the Act, such as *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946), and *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982), a settlement of a FLSA claim during litigation must be approved by the Court in order to be legally binding.

6. Thus, the parties wish to submit the Settlement Agreement and General Release to the Court requesting the Court's *in camera* review and approval of the settlement, and the issuance of an order approving the settlement and dismissing the case with prejudice.

7. Because the parties have agreed that their Settlement Agreement and General Release is to be confidential, the parties request leave of Court to provide the Settlement Agreement and General Release to the Court, via e-mail or other means, for *in camera* review without the agreement becoming part of the record of this case.

## II.
## **STIPULATION**

**NOW, THEREFORE,** for the reasons hereinabove set forth, **IT IS HEREBY STIPULATED AND AGREED,** by and between the parties hereto through the undersigned, plaintiff's counsel and defendant's counsel, subject to the approval of the Court as follows:

1. The terms of the Settlement Agreement and General Release are a fair and full compromise of plaintiff's claims against defendant.

2. Each party will comply fully and promptly with all terms and provisions of the Settlement Agreement and General Release.

3. All claims asserted in this action shall be dismissed by the Court with prejudice.

4. To accomplish dismissal, this Stipulation for Settlement is being submitted by the parties jointly to the Court, with the request that it be approved. The parties agree that this joint submission does not constitute a violation by either party of the confidentiality provision in the Settlement Agreement and General Release.

5. On approval of the settlement by the Court, an order and final judgment shall be entered by the Court approving the settlement, adjudging the terms thereof to be adequate, proper, fair and reasonable, and directing consummation of the settlement in accordance with its terms and provisions,

including dismissal of plaintiff's Complaint, with prejudice, and without costs to any party.

6. The settlement shall be consummated pursuant to the terms of this Stipulation and Settlement Agreement and General Release upon approval of the Court as herein provided.

7. Plaintiff and defendant, and their counsel, will use their best efforts to secure the Court's approval of the Settlement Agreement and General Release.

8. Nothing incident or relating to this Stipulation, or any provision hereof, or to the Settlement Agreement and General Release, may be used by any party against any other party in this action, or any other action, except to enforce the rights and obligations of the respective parties arising out of the provisions of this Stipulation and Settlement Agreement and General Release.  The limitations set forth in this paragraph shall survive the termination of the settlement prior to its final consummation, if such should occur.

9. This Stipulation is not, and shall not be, either an admission by defendant of the validity of any of the claims asserted in this action, or of its liability for any thereof, or of any wrongdoing whatsoever.  Any statements or arguments made on behalf of any plaintiff or defendant at the settlement hearing or in support of the settlement shall not be used as evidence in any way in any subsequent trial, proceeding, or hearing either in this action or any other action or proceeding between the parties thereto, should such occur.

10. If the settlement as set forth in the Settlement Agreement and General Release is not approved by the Court, then this Stipulation, except Paragraphs 8 and 9 hereof, and all proceedings hereunder, shall be considered as cancelled and void and of no force or effect; and all parties to this action and to this Stipulation shall stand in the same position without prejudice as if the Stipulation had not been entered into and submitted to the Court for its consideration and approval.

### III.
### REQUEST FOR COURT APPROVAL

The parties request that the Court enter an Order approving the settlement and adjudging the terms thereof to be adequate, proper, fair and reasonable; directing consummation of the settlement in accordance with its terms and provisions; and dismissing plaintiff's Complaint with prejudice and without costs to any party.

This the 18th day of April, 2006.

Respectfully submitted,

s/ Charles L. Scalise
Charles L. Scalise
Florida Bar No. 776327
PANTAS LAW FIRM, P.A.
250 N. Orange Avenue, 11th Floor
Orlando, Florida 32801
(407) 425-5775 Phone
(407) 425-2778 Fax
cscalise@pantaslaw.com
Attorney for Plaintiff

s/ Peter W. Zinober
Peter W. Zinober
Florida Bar No. 121750
Jay P. Lechner
Florida Bar No. 0504351
ZINOBER & McCREA, P.A.
201 East Kennedy Blvd., Suite 800
Tampa, Florida 33602
(813) 224-9004 Phone
(813) 223-4881 Fax
pzinober@zmlaw.com
jlechner@zmlaw.com
Attorneys for Defendant

00500305.DOC