**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KEISHA L. ROLLE-McNEAL,**

    **Plaintiff,**

**-vs-**                   **Case No. 6:05-cv-25-Orl-DAB**

**STATION OPERATORS, INC.,**

    **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 39)**
>
> **FILED:** April 18, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after

scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on May 15, 2006 with counsel for both parties present.

Based on the representations of counsel, Plaintiff was employed by Defendant as a cashier in one of Defendant's convenience stores. Plaintiff contended that she was owed overtime of $175.00. In the course of negotiations, according to counsel, Plaintiff also raised belatedly employment discrimination claims. The settlement to Plaintiff of $175 in unpaid overtime wages and $175 in liquidated damages represents 100% of the disputed principal amount Plaintiff sought. In addition, Defendant paid to Plaintiff $2,500 to buy peace and in exchange for a general release of any other claims Plaintiff could have alleged. Doc. No. 41.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,650 in attorney's fees and costs. The Court finds that amount of fees is not unreasonable under the circumstances of this case. Defendant did not oppose the amount of the fees paid, given the nature of the suit and counsel's cooperation pre-discovery to keep the amount of the attorney's fees contained.

Settlement in the amount of $2,850 to Plaintiff for unpaid wages, liquidated damages, and for the general release and $2,650 for attorney's fees is a fair and reasonable settlement. It is **ORDERED** that the settlement is **APPROVED** as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. The Clerk is directed to terminate any pending matters and close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record